THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Urban League Village LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>Omari Tahir-Garrett, et. al,<br><br>              Defendants. | No. 2:21−cv−00536−MJP<br><br>URBAN LEAGUE'S STATUS REPORT AND DISCOVERY PLAN |

      Plaintiff Urban League Village LLC (the "Urban League") submits this Status Report and Discovery Plan (the "Report") individually because the Court does not have subject-matter jurisdiction over this unlawful detainer action and, in an effort to conserve judicial, party, and attorney resources, the Urban League has not yet conferred with Defendant Omari Tahir-Garrett ("Defendant"). Should the Court deny the Urban League's Motion to Remand for Lack of Subject-Matter Jurisdiction (the "Motion to Remand") (filed on May 17, 2021 at Dkt. No. 15), the Urban League anticipates filing an early dispositive motion that will obviate the need for any discovery. In the meantime, the Urban League submits this abbreviated Report, focusing on those factors most likely to be relevant as the case proceeds to remand or, if necessary, early dismissal.

URBAN LEAGUE'S STATUS REPORT AND
DISCOVERY PLAN
(NO. 2:21−CV−00536−MJP) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I. NATURE AND COMPLEXITY OF THE CASE

This case is a simple unlawful detainer action brought under Washington state law that presents a single issue concerning the possession of real property under RCW 59.12.010–230. There is no federal question in the case. *See, e.g., Tahir v. Delany*, No. C15-2017-JCC, 2016 WL 11626759, at *2 (W.D. Wash. July 29, 2016) (holding that a Washington state unlawful detainer action "contains no federal question and does not arise under federal law"). Nor is there a basis on which the Court can exercise diversity jurisdiction. *See* Dkt. No. 11 (Plaintiff's Corporate Disclosure Statement); Dkt. No. 5-1, at 6 (Defendant's Compliance with Clerk's Instructions, in which the Urban League's state court complaint demonstrates that the Urban League is a Washington limited liability company and Defendant is a resident of King County, WA).

The Urban League initiated this case in King County Superior Court—as is the proper venue for a state court action of this nature—seeking to protect its right and its lawful tenants' rights to possess and enjoy its property, commonly known as the Colman School and located at 2300 South Massachusetts Street in Seattle, Washington (the "Property"). For over a year, Defendant has unlawfully trespassed onto and attempted to occupy the Property. He continues to harass the Urban League's tenants and causing public health and safety hazards as a result.

The Urban League and Defendant appeared at a show cause hearing for unlawful detainer in King County Superior Court on April 20, 2021. Commissioner Henry Judson found that Defendant was an imminent danger to the health and safety of the residents at the Property, ordered a Writ of Restitution to be issued to restore possession of the Property to the Urban League, and found that Defendant had no legal claim to the Property. *See* Dkt. No. 16 (Declaration of James F. Williams citing Commissioner Judson's order). Since then, Defendant has refused to comply with the Commissioner's Order. Further, even after the King County Sheriff removed Defendant from the Property in accordance with the Writ and blocked off the Property with fencing, Defendant returned to the Property and broke down the fencing. Now in an attempt to occupy the Property again, Defendant continues to invite other trespassers—including large groups—to join

URBAN LEAGUE'S STATUS REPORT AND
DISCOVERY PLAN
(NO. 2:21−CV−00536−MJP) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

him. Together they are further harassing the residents and property managers with lewd actions such as urinating and setting of fireworks on the Property.

On May 17, 2021, the same day that the Urban League filed its Motion to Remand, Defendant filed a document styled Motion for New Assignment of Judge, in which he asked Judge Pechman to recuse herself from the case. *See* Dkt. No. 17. The Court properly denied the motion, and Chief Judge Martinez affirmed. *See* Dkt. No. 24. In what can be understood only as a tactic for further delay, Defendant appealed Judge Pechman's decision to the Ninth Circuit. *See* Dkt. No. 21. Neither party has filed further papers with the Ninth Circuit since then.

This case does not involve complex legal or factual issues. *See* Dkt. No. 15 (Motion to Remand demonstrating why the Court lacks subject-matter jurisdiction and why the case concerns a single question of state law). The ownership of the Property is settled and clear. *See* Dkt. No. 16 (Declaration in support of Motion to Remand citing to Commissioner Judson's order finding that Defendant has no ownership right to the Property). The Urban League has personally served every document it has filed on Defendant. Given the Court's lack of the subject-matter jurisdiction over this matter, discovery is unnecessary. The proper result is for the Court to remand the case to state court.

## II. ADDITIONAL PARTIES

The Urban League does not anticipate joining additional parties or amending the pleadings. This case involves a simple issue of state law and the parties are all residents of the state of Washington.

## III. CONSENT TO ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE

No.

## IV. DISCOVERY PLAN

**A.  Initial Disclosures**

The Urban League does not anticipate exchanging initial disclosures with Defendant.

URBAN LEAGUE'S STATUS REPORT AND
DISCOVERY PLAN
(NO. 2:21−CV−00536−MJP) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**B. Subjects, Timing, Potential Phasing of Discovery**

At this time, the Urban League does not anticipate any potential, future discovery needs, as it believes this Court both lacks subject-matter jurisdiction over the case and should remand the case to state court. Should the Court decline to remand the case, the Urban League does not anticipate having any special needs for managing any discovery, unless Defendant fails to respond or comply with its discovery requests, which it expects to be limited in nature and quantity given the limited factual and legal issues in the case. The Urban League does not otherwise anticipate the need for any unique timing or phasing of discovery.

**C. Electronically Stored Information**

The Urban League agrees to follow the Model Protocol for Discovery of Electronically Stored Information (ESI) in Civil Litigation to the extent it applies to the discovery in this action.

**D. Privilege Issues**

The Urban League does not know of any issues relating to claims of privilege or of work product protection.

**E. Proposed Limitations on Discovery**

Beyond those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules, the Urban League does not believe that any additional limitations on discovery are warranted.

**F. Need for Discovery-Related Order**

At this point, the Urban League does not anticipate seeking a discovery-related order from the Court.

## V. LOCAL CIVIL RULE 26(f)(1)

**A. Prompt Case Resolution**

The Urban League agrees to take steps to promptly resolve this unlawful detainer action, including those it has already taken in seeking remand to state court. Should the Court not remand the case, the Urban League will likely file an early dispositive motion.

URBAN LEAGUE'S STATUS REPORT AND
DISCOVERY PLAN
(NO. 2:21−CV−00536−MJP) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**B.     Alternative Dispute Resolution**

While the Urban League is open to the option of pursuing alternative dispute resolution, it does not currently believe that this is a viable option.

**C.     Related Cases**

On April 21, 2021, Defendant appealed Commissioner Judson's Order in King County Superior Court to the Washington state Court of Appeals. *See Urban League Village LLC v. Omari Tahir-Garrett et al*, No. 82582-8-I. On May 18, 2021, the Court Administrator issued a notice that Defendant had failed to file proof of service with his notice of appeal and gave Defendant until June 4, 2021 to comply, noting that otherwise the case would be dismissed. Defendant did not comply, and the court dismissed the action as "abandoned" on June 28, 2021.

On June 11, 2021, Defendant filed a Notice of Appeal to the Ninth Circuit on Judge Pechman's decision regarding recusal. *See* Dkt. No. 21. The Ninth Circuit issued a Time Schedule Order as to the Notice of Appeal on June 14. *See* Dkt. No. 23. As of the date of this report, neither party has filed any further papers with the Ninth Circuit. Additionally, on June 21, Judge Martinez affirmed Judge Pechman's decision. *See* Dkt. No. 24.

**D.     Discovery Management**

None.

**E.     Anticipated Discovery Sought**

*See* Paragraph IV(B), above.

**F.     Phasing Motions**

Should the Court deny the Urban League's pending Motion to Remand, the Urban League anticipates filing an early dispositive motion. This dispositive motion should be decided before any discovery proceeds.

**G.     Preservation of Discoverable Information**

The Urban League understands its obligations to maintain discoverable information and does not anticipate any issues related to preserving such information.

URBAN LEAGUE'S STATUS REPORT AND
DISCOVERY PLAN
(NO. 2:21−CV−00536−MJP) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

H.   **Privilege Issues**

The Urban League agrees to the following procedure should any third party produce privileged or work product information: Information produced in discovery that is protected as privileged or work product shall be returned to the producing party, and its production shall not constitute a waiver of such protection, if (i) such information appears on its face to have been inadvertently produced, or (ii) the producing party provides notice of the inadvertent production.

I.   **Model Protocol for Discovery of ESI**

*See* Paragraph IV(C), above.

J.   **Alternatives to Model Protocol**

None at this time.

## VI.   COMPLETION OF DISCOVERY

The Urban League does not anticipate engaging in any discovery until the Court rules on its Motion to Remand. Should the Court decline to remand the case—which it should not—the Urban League anticipates filing an early dispositive motion that will obviate the need for any discovery in this matter.

A.   **BIFURCATION**

The Urban League does not currently see the need to bifurcate any issues in this case, as this unlawful detainer action present a single issue of state law.

B.   **PRETRIAL STATEMENTS AND PRETRIAL ORDER CALLED FOR BY LOCAL CIVIL RULES 16(E), (H), (I), AND (K), AND 16.1 SHOULD BE DISPENSED WITH IN WHOLE OR IN PART FOR THE SAKE OF ECONOMY**

None.

C.   **SUGGESTIONS FOR SHORTENING OR SIMPLIFYING THE CASE**

The Urban League believes that the simplest way to resolve this case is to remand it to state court. Should the Court refrain from remanding, the next simplest way to resolve this case is through an early dispositive motion.

URBAN LEAGUE'S STATUS REPORT AND
DISCOVERY PLAN
(NO. 2:21−CV−00536−MJP) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## D. PROPOSED TRIAL DATE

The Urban League does not believe that trial is warranted in light of the Court's lack of subject-matter jurisdiction over the case. Should the need for trial arise, the Urban League will be ready to try this case in nine (9) months from the date of this Status Report.

## E. JURY OR NON-JURY TRIAL

Jury.

## F. ANTICIPATED LENGTH OF TRIAL

Urban League anticipates that trial, if any, would require one to two days.

## G. TRIAL COUNSEL

| | |
|---|---|
| *Attorneys for Urban League Village LLC* | James F. Williams, WSBA No. 23613<br>Zachary E. Davison, WSBA No. 47873<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000 |

## H. SCHEDULING CONFLICTS

Counsel for the Urban League is not currently aware of any scheduling conflicts for the Court's consideration.

## I. STATUS OF SERVICE

Since initiating the case in state court, the Urban League has diligently served Defendant with every pleading, paper, and other document it has filed. Defendant has continuously had ample time to respond to the Urban League's claim and has continuously missed his deadlines or attempted to further delay the case. *See, e.g.*, Dkt. No. 20 (Defendant's response to the Urban League's Motion to Remand was filed at least four days late); Dkt. No. 17 (Defendant's Motion seeking assignment of a new judge).

URBAN LEAGUE'S STATUS REPORT AND
DISCOVERY PLAN
(NO. 2:21−CV−00536−MJP) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**J.     SCHEDULING CONFERENCE**

The Urban League does not believe a scheduling conference is necessary before the Court issues scheduling order.

**K.     CORPORATE DISCLOSURES**

The Urban League filed its corporate disclosure statement on May 4, 2021.

s/ Zachary E. Davison
James F. Williams, WSBA No. 23613
Zachary E. Davison, WSBA No. 47873
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  JWilliams@perkinscoie.com
Email:  ZDavison@perkinscoie.com

*Attorneys for Urban League Village LLC*

URBAN LEAGUE'S STATUS REPORT AND DISCOVERY PLAN
(NO. 2:21−CV−00536−MJP) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on June 28, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I further certify that I caused service to be made on the following non-CM/ECF participants by the method(s) indicated:

| Omari Tahir-Garrett a.k.a. James C. Garrett<br>2300 S Massachusetts St.<br>Seattle, WA 98144 | \_\_\_\_ Via the Clerk's eFiling Application<br>\_\_\_\_ Via hand delivery<br>\_\_\_\_ Via U.S. Mail, 1st Class, Postage Prepaid<br>\_\_\_\_ Via Overnight Delivery<br>\_\_\_\_ Via Facsimile<br>\_\_\_\_ Via Email<br>__X__ Via Process Server Washington Legal |
|---|---|

DATED this 28th day of June, 2021.

*s/ Zachary E. Davison*
Zachary E. Davison, WSBA No. 47873
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  ZDavison@perkinscoie.com

CERTIFICATE OF SERVICE
(NO. 2:21-CV-00536-MJP) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000