# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| URBAN LEAGUE VILLAGE LLC,<br><br>Plaintiff,<br><br>v.<br><br>OMARI TAHIR-GARRETT, et al.,<br><br>Defendants. | CASE NO. C21-536 MJP<br><br>ORDER DENYING MOTION TO APPOINT AND GRANTING MOTION TO REMAND |

This matter comes before the Court on Defendant's Motion to Appoint Counsel (Dkt. No. 9) and Plaintiff's Motion to Remand (Dkt. No. 15). Having reviewed the Motions, the Opposition (Dkt. No. 20), the Reply (Dkt. No. 22), and all supporting materials, the Court DENIES the Motion to Appoint Counsel and GRANTS the Motion to Remand.

**BACKGROUND**

Plaintiff filed an unlawful detainer action against Defendant Omari Tahir-Garrett "and all other trespassers" in King County Superior Court. (Dkt. No. 5-1 at 2, 6-13.) Plaintiff's complaint alleged only one claim for unlawful detainer under Washington law. (Id.) Tahir-

Garrett removed the action to this Court and identified 28 U.S.C. § 1446 as the basis for removal. (Dkt. No. 1-1.) Tahir-Garrett also filed a document styled "Civil Complaint" with the notice of removal, which alleges claims against Plaintiff and a variety of other entities and persons under the Racketeer Influenced and Corrupt Organizations Act. (Dkt. No. 1-2.)

Separately Tahir-Garrett also asks that he be appointed counsel due to his eyesight and need for assistance typing and writing legal documents. (Dkt. No. 9.)

## ANALYSIS

**A.  Motion to Appoint**

Tahir-Garrett asks for appointment of counsel because he has impaired vision and is unable to "effectively read legal documents, or to type and write legal documents." (Dkt. No. 9 at 2.) Tahir-Garrett affirms that he is "fully capable of understanding the contents of legal document if they are read aloud to him, and still fully capable of formulating written response to them with the assistance of a typist to take and record his dictation." (Id.) Tahir-Garrett asks for appointment of counsel "for the express and specific purpose of reading legal documents aloud to defendant so that defendant can prepare his defense, and assisting the defendant in so preparing his defense by typing oral dictation from defendant." (Id.)

While the Court is sensitive to Tahir-Garrett's sight-related limitations, it does not find cause to appoint counsel in this matter. Tahir-Garrett has already filed voluminous materials in this matter, including a 28-page, typed complaint, and three motions (removal, appointment of counsel, and recusal). These filings strongly suggest that Tahir-Garrett is capable of representing his own interests in this case without appointment of pro bono counsel. Appointment of counsel also appears inappropriate here where Tahir-Garrett only seeks counsel to read him Plaintiffs' filings and transcribe his responses. The Court therefore DENIES the Motion.

**B.     Motion to Remand**

Plaintiff argues that the Court lacks subject matter jurisdiction over this action. The Court agrees.

An action cannot be removed under 28 U.S.C. § 1441 unless it could have been filed in federal court initially and at the time of removal. See 28 U.S.C. § 1441(a); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (4th ed.). The Court "strictly construe[s] the removal statute against removal jurisdiction" and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Tahir-Garrett's notice of removal identified federal question jurisdiction as the basis for the Court's subject matter jurisdiction. Federal question jurisdiction exists where there is a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Opposition briefing also touches on diversity jurisdiction. Diversity jurisdiction requires that the matter in controversy exceed $75,000 and that all parties to the action are "citizens of different states." 28 U.S.C. § 1332(a). Diversity jurisdiction requires "complete diversity"—i.e., that each plaintiff is diverse from each defendant. Teledyne v. Kone Corp., 892 F.2d 1404, 1408 (9th Cir. 1990).

The Court does not have subject matter jurisdiction over this dispute. First, there is no federal question jurisdiction. At the time of removal, the Court did not have subject matter jurisdiction over the unlawful detainer action, which presents a narrow issue under Washington law, not federal law. Second, there is a lack of complete diversity as between the parties and no diversity jurisdiction. See Teledyne, 892 F.2d at 1408. Tahir-Garrett is a resident of Washington and Plaintiff is an LLC whose sole member is a Washington corporation with its principal place of business in Washington, meaning that it, too, is a citizen of Washington for purposes of

diversity jurisdiction. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); (Corp. Disclosure Statement (Dkt. No. 11).).

Removal based on Tahir-Garrett's new "Civil Complaint" does not cure these defects. Removal is determined on the basis of the complaint Plaintiff filed—not the claims or counterclaims Defendant Tahir-Garrett included with his removal notice. See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 & n. 2 (2002); Vaden v. Discover Bank, 556 U.S. 49, 59-62 (2009). So while Tahir-Garrett's proposed "Civil Complaint" may contain separate claims under federal law, they cannot form the basis for removal. And the complaint has not been properly filed with the Court and served on the named defendants.

## CONCLUSION

The Court does not find appointment of counsel to be warranted in this matter. The Court DENIES the Motion to Appoint. And the Court finds that it lacks subject matter jurisdiction over this unlawful detainer action. The Court therefore GRANTS Plaintiff's Motion and REMANDS the unlawful detainer action to King County Superior Court.

The clerk is ordered to provide copies of this order to all counsel and Defendant.

Dated July 6, 2021.

Marsha J. Pechman
United States Senior District Judge